**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ELIJAH SCHKEIBAN, an individual, | No. 12-56964 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-00636-R-MAN |
| v. | |
| JAMES CAMERON, an individual; LIGHTSTORM ENTERTAINMENT, INC., a California corporation; TWENTIETH CENTURY FOX FILM CORPORATION, a Delaware corporation; DUNE ENTERTAINMENT, LP, a Delaware limited partnership, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted December 17, 2013[**]
San Francisco, California

Before: CLIFTON, N.R. SMITH, and CHRISTEN, Circuit Judges.

--------

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Plaintiff Elijah Schkeiban appeals the district court's dismissal of his complaint alleging that James Cameron's movie *Avatar* infringed the copyright of his book and screenplay *Bats and Butterflies*. We review a dismissal under Rule 12(b)(6) de novo, *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010), and affirm.

The district court correctly ruled that *Avatar* and *Bats and Butterflies* are not "substantially similar in their protected elements." *Cavalier v. Random House, Inc.*, 297 F.3d 815, 822 (9th Cir. 2002). There are "few real similarities" between the plot, themes, dialogue, mood, setting, pace, characters, and sequence of events in *Avatar* and Schkeiban's work. *Funky Films, Inc. v. Time Warner Entm't Co., L.P.*, 462 F.3d 1072, 1078 (9th Cir. 2006). Any similarities consist of unprotectable "general plot ideas" or *scènes à faire* flowing naturally from these ideas. *Berkic v. Crichton*, 761 F.2d 1289, 1293 (9th Cir. 1985).

Because we affirm the district court's ruling that the works are not substantially similar, we do not need to reach the court's alternative ground for dismissal that Schkeiban did not adequately allege that the defendants had access to his work. *See Benay v. Warner Bros. Entm't, Inc.*, 607 F.3d 620, 625 (9th Cir. 2010) (holding that the plaintiffs had not shown sufficient similarity to prevail even if the defendants had access to their work).

The defendants' motion to submit commercially available copies of *Avatar* on DVD, filed on May 8, 2013, is granted.

Schkeiban's motion to submit annotated copies of *Avatar* on DVD, filed on November 12, 2013, is denied. Schkeiban's motion to submit highlighted copies of the book *Bats and Butterflies*, filed on December 9, 2013, is also denied. However, our disposition of the appeal would not be affected even if we were to grant these motions.

**AFFIRMED.**